## WILLIAM H. NIXON *v.* W. B. BOZEMAN et al.

Plaintiff sued for the rescission of the sale of a slave, and for restitution of the price paid the defendant, on the ground that the slave was afflicted with a redhibitory disease, to wit, fits. The slave was tendered to the defendants, and disappeared the following morning, and could not be found. *Held:* The rule embodied in Art. 2511 C. C. is but the embodiment in the Code of the maxim *res perit domino*. Until the thing is shown to have perished, the presumption exists that it may be recovered, and that there is still a property in the thing which may be divested by the rescission.

There is no force in the objection, that because plaintiff has alledged one ground of redhibition, he shall not be permitted to show his inability to deliver the slave to the defendant, on account of defects, in the nature of a second ground of redhibition. By the force of the judgment rescinding the sale, the property in the slave, wheresoever he may be, is in the defendant.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Semmes & Edwards*, for plaintiff and appellant. *Elmore & King*, for defendant. *Hunton & Bradford*, for warrantor.

MERRICK, C. J. (SPOFFORD, J., absent.) This suit is brought to recover back the price paid by the plaintiff to the defendants for a slave, and for the

rescission of the sale and the recovery of damages. As the basis of the action, it is alleged that the slave " was afflicted with a redhibitory disease, to wit, fits, which has rendered his use so inconvenient and imperfect, and has so much impaired his value, that had petitioner known of the existence of the disease, he never would have purchased him." The demand was against the defendants as bound *in solido*, it being alleged that they were partners in buying and selling slaves. The answer admits the partnership. The defendants called in warranty *Macmurdo*, their immediate vendor.

The case was tried by a jury, who rendered a verdict in favor of plaintiff rescinding the sale, and awarding plaintiff $950, the price of the slave, and $250 damages, and the return of a note of $25. The jury also dismissed the demand in warranty.

The plaintiff having remitted $25 of the verdict, judgment was entered thereon accordingly. The defendants have appealed.

Since the case has been pending in this court, the plaintiff having died, and the defendant, *Matilda Kendig Bushy*, having gone into insolvency, *C. De Choiseul*, as curator of the vacant estate of the one, and *John M. Bell*, as syndic of the creditors of the other, have been made parties in their respective capacities to this suit.

No motion was made in the lower court to obtain a new trial.

The appellants urge as grounds of reversal in this court, that the judgment is erroneous :

1st. Because it is a judgment *in solido*.

2d. Because there is no proof that the plaintiff sustained damages to the extent of $250.

3d. Because the judgment does not order the plaintiff to restore the boy to the possession of the defendants.

I. On the first point, the petition charges that the defendants are bound *in solido*, and alleges that they were partners in buying and selling slaves. The defendants, in their answer, " admit the partnership alleged." The act of sale was made by the defendant *Bozeman* alone to the plaintiff, without any allusion to the fact, that he had a partner interested in the sale with him, although their immediate vendor had made conveyance to *Mrs. Bushy* only and not to *Bozeman*. As no application was made to the lower court to set aside the verdict of the jury, we do not think we are called upon to revise the verdict in this particular, there having been evidence before them from which they might infer the solidarity of the obligation of defendants. 2 Ann. 876.

II. The observation we have just made, applies with equal force to alleged excessive damages allowed by the jury.

III. It appears that the slave was tendered the defendants on the 2d day of March, 1853, and he disappeared on the following morning. It is further shown, that notwithstanding every reasonable exertion was used to recover the slave, he has not yet been found, although there were rumors of his presence in New Orleans after the tender. On this third point it is urged, that " the boy has been lost to the plaintiff, and cannot be returned to the defendant in consequence of—*not the vice alleged in the petition or complained of— but of something else, his disappearing.* That the Civil Code, Art. 2510 declares, if the thing affected with vices has perished through the badness of its quality, the sellers must sustain the loss. Art. 2511. If it has perished by a fortui-

NIXON
*v.*
BOZEMAN.

tous event, *before the purchaser has instituted his redhibitory action*, the loss must be borne by him."

We do not think the law cited applicable to this case. The rule embodied in Article No. 2511, is but the embodiment in the code and limitations of the maxim, *res perit domino.* Until the thing is shown to have perished, the presumption exists that it may yet be recovered; that there is still a property in the thing which may be divested by the rescission. Moreover, there is not much force in the objection, that because the plaintiff has alleged but one ground of rehibition, he shall not be permitted to show his inability to deliver the slave to the defendants on account of defects in the nature of a second or third ground of redhibition. The judgment rescinds the sale of the slave, and by the force of the judgment, the property in the slave, wherever he may be, is in the defendants.

So far as it respects the defendant in warranty, it is shown that it, the title from *Macmurdo* to *Mrs. Bushy*, warrants the title only. It is further shown, that *Macmurdo* expressly refused fully to guarantee the slave, and he gave as his reasons that he suspected that the slave had stolen money, and that he pretended to be sickly, which he, *Macmurdo*, did not believe to be the case. The jury, by their verdict, must have found that it does not appear that *Macmurdo* knew that the slave was subject to fits, nor that his statement that he did not believe the slave was sickly, was untrue; and they have further found that it does not appear that *Macmurdo* was guilty of fraud in making the sale to *Mrs. Bushy*. C. C. 2523, 2526. We are not prepared to say that the jury erred in their conclusion on this branch of the case.

We do not think this a case in which damages should be allowed as in case of a frivolous appeal.

It is therefore ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed in favor of *C. De Choiseul*, the curator of the succession of *William H. Nixon*, deceased, and the warrantor, *John R. Macmurdo*, and against the said *Bozeman* and the sydic of the creditors of said *Matilda Kendig Bushy* ; and that the said defendants and appellants pay the costs.